D. LANSING SKINNER, RECEIVER OF THE MICHIGAN MUTUAL FIRE INSURANCE COMPANY, v. JOHN WILHELM.

*Constitutional law—Object and title of act.*

Act No. 175, Laws of 1883, providing for "the incorporation of merchants' mutual insurance companies, and to regulate the business of insurance by merchants' and manufacturers' mutual insurance companies," is unconstitutional, the *title* expressing two *objects* and the *act* embracing two *subjects*, which defects are *fatal* to the *whole* act.

Error to Grand Traverse. (Ramsdell, J.) Argued October 15, 1886. Decided November 11, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Mark Norris,* for appellant.

*Pratt, Hatch & Davis,* for defendant.

[The point decided has been so often passed upon, and so exhaustively discussed in former opinions, that a summary of the briefs of counsel is omitted.—REPORTER.]

SHERWOOD, J. This case was an action of assumpsit brought by the plaintiff, as receiver of the Michigan Mutual Fire Insurance Company, against the defendant, one of the policy-holders and members of the company, to recover an assessment of $185, and interest thereon.

The assessment was for the purpose of paying the losses and debts of the company and the expenses of the receivership.

Defendant pleaded the general issue.

The cause was tried at the Grand Traverse circuit before Judge Ramsdell without a jury, and went for the defendant. Plaintiff brings error. The only evidence put in the case was that offered by the plaintiff.

The record presents a bill of exceptions containing the findings both of the facts and the law. The findings of fact are substantially as follows:

On the first day of February, 1884, the insurance company was duly organized under and had complied with Act No. 175, Laws of 1883, except filing in the Kent county clerk's office a copy of the charter, and was, if said act is constitutional, at that date a legally organized company under that statute, and engaged in business in this State, duly authorized by the commissioner of insurance so to do, under the law of 1883.

On the second day of February, 1884, the company accepted the defendant's application for insurance of his property to the amount of $2,500, and, taking his premium note there-

for, executed to him a policy upon such application, No. 1,762.

After said policy was issued, the company sustained losses under thirty-four of its policies, aggregating $20,664.39 as adjusted and settled, and which were all due and payable at the time of making the assessment against the defendant, and said losses were the only ones for which defendant was assessed, but not all for which the company was liable at the time the assessment was made.

Prior to August 22, 1884, the company had for a long time failed to meet its liabilities, and on that day the commissioner of insurance filed his bill under Act No. 175, Laws of 1883, against the insurance company, in the Kent circuit, praying for the appointment of a receiver for the company, and the settlement of its affairs. The plaintiff was then secretary of the company. Said bill was taken as confessed, and the plaintiff, on August 25, was duly appointed receiver, and subsequently qualified and entered upon the discharge of the trust. The only assets which came into his hands were the premium notes of the members of the company, and a small quantity of office furniture, and the books of the company. The company then owed, for losses and expenses, $29,500.

In October, 1884, the receiver made an assessment on all policy-holders; the sum assessed aggregating in amount $47,973, and being made up as follows: For unpaid losses, $29,500; for the estimated expenses of the receivership, $5,000; and for overlay, as estimated allowance for uncollectible assessments, $13,473. Each policy-holder was assessed his *pro rata* share of these amounts accruing while he was such member. There is nothing in the by-laws of the company relating to the manner in which assessments may be made to pay losses and expenses.

After making the assessment sued for, the receiver reported the same to the Kent circuit court in chancery, and confirmation of the assessment proceedings was asked.

No notice, or other information of any kind, was given of the motion of confirmation to the defendant, or any of the policy-holders assessed, and on the hearing the assessment was confirmed. The amount thus assessed and confirmed against the defendant was the sum of $185.

Upon the foregoing facts the learned circuit judge made the following findings of law:

"1. That Act No. 175 of the Session Laws of 1883, under which the plaintiff claims its corporate authority, is unconstitutional and void, for the reason that it embraces more than one object, and the object is not expressed in the title.

"2. The proceedings in the circuit court for the county of Kent, in chancery, were void as to the defendant, for the reason that defendant had no notice, by process or otherwise, of the proceedings had against him prior to the entry of the decree under which plaintiff claims the right to prosecute.

"3. The assessment was void for the reason that it was made by the receiver, instead of being made as the law provides.

"4. The amount assessed for overlay is void, for the reason that it is unconscionably excessive, and invites the litigation that it purports to provide against.

"Let judgment be entered for defendant, with costs to be taxed."

The exceptions taken are all to these findings. The facts stated are undisputed.

We think the conclusions of the circuit judge upon the law applicable to them were clearly correct. The constitutional provision is plain, that—

"No law shall embrace more than one object, which shall be expressed in its title." Const. art. 4, § 20.

The law of 1883 (page 191) is entitled as follows:

"An act to provide for the incorporation of merchants' mutual insurance companies, and to regulate the business of insurance by merchants' and manufacturers' mutual insurance companies."

It will be thus seen that the title expresses two objects; and, when the act is examined, it will be found to embrace two subjects. The two objects are—

1. To provide for the incorporation of merchants' mutual insurance companies.

2. To regulate the business of insurance by merchants' and manufacturers' mutual insurance companies.

We think these two objects have no necessary connection with each other. The regulation of the business of manufacturing insurance companies having an existence when the act was passed, and some of them organized in other states, has nothing to do with, and has no necessary or natural connection with, the formation of merchants' mutual insurance companies. The two objects are distinct and separate, and should have been provided for in separate acts. The defects noticed are fatal to the validity of the whole act.

The case is not one in which any part of the act can be maintained, and the rest rejected for the infirmity. It is impossible to tell which object was intended by the Legislature, and in such case both fall under the same condemnation. There is no room for doubt upon the subject.

It is unnecessary to discuss the other findings, and we will only say that we regard the argument and authorities presented by defendant's counsel, when the record and subject are carefully examined, as fully sustaining them. The judgment must therefore be sustained.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.