JEROME EDDY v. THE MERCHANTS,' MANUFACTURERS' & CITIZENS' MUTUAL FIRE INSURANCE COMPANY OF KENT, ALLEGAN, AND OTTAWA COUNTIES.

*Mutual fire insurance companies—Territorial limits for transaction of business—Constitutional law.*

Policies of insurance issued by a mutual fire insurance company incorporated under Act No. 82, Laws of 1873, *outside* of the territorial limits fixed by said act, are issued without authority, the law of 1883 supposed to authorize such action having been declared unconstitutional in *Skinner v. Wilhelm*, 63 Mich. 568.

Error to Genesee. (Newton, J.) Argued October 11, 1888. Decided November 28, 1888.

*Assumpsit* on insurance policy. Defendant brings error. Reversed without a new trial. The facts are stated in the opinion.

*William E. Grove* (*W. H. Haggerty*, of counsel), for appellant, contended as stated in the opinion.

*Arthur J. Eddy*, for plaintiff, contended:

1. As a general proposition, a corporation, whether simply *de facto* or properly organized, cannot retain the benefits of a contract, though it is *ultra vires*, and repudiate the obligations; citing *Bradley v. Ballard*, 55 Ill. 413, 417; *Swartout v. Railroad Co.*, 24 Mich. 389, 392; *Empire Mfg. Co. v. Stuart*, 46 Id. 482; *Trustees v. Froislie*, 37 Minn. 447; Bigelow, Estoppel, 530; *Bank v. Matthews*, 98 U. S. 629; *Railway Co. v. McCarthy*, 96 Id. 267.

SHERWOOD, C. J. This action is upon a policy of insurance issued by the defendant company, March 23, 1885, to one Samuel J. Lewis, for one year, upon the property mentioned in the policy. Plaintiff is assignee

of the policy. The company received as cash premiums when the policy was taken out $100, which it still retains.

On July 23, 1885, the insured property was destroyed by fire. Immediately after the fire, Lewis forwarded to the company a statement of all insurance upon the property, and of the loss to the company; and, it being informed, the company forwarded to him blanks upon which to make the statement more in detail of the insurance and loss, and the president of the company came on to adjust the loss. The statement and proofs of loss were completely made August 3, 1885.

It would appear from the testimony that the defendant did not at any time disclaim its liability, or claim any defense to the plaintiff's claim, before the assignment to him, and not until after the commencement of this suit, but, on the contrary, it promised to pay the same. After the proofs of loss were made, the board of directors ordered an assessment for the purpose of paying it, and both the secretary and treasurer of the company wrote the plaintiff, promising payment.

The foregoing facts were not very much disputed, and it is claimed by plaintiff that they constitute a waiver of any defense arising from breach of warranty or double insurance, which are claimed on the part of defendant; and besides these the defendant claims that the company had no power to issue the policy, and has no power to assess policy-holders for its payment, and that the settlement and adjustment of the amount of plaintiff's claim to be paid, contained in the statement of loss, was entirely unauthorized; that by the rules of the company only the directors could adjust and settle a claim of the amount of that made under plaintiff's policy.

On the trial at the circuit the plaintiff obtained a ver-

dict for $2,364.76.    The defendant complains, and asks a
review.

I have no doubt but that there was sufficient evidence
tending to show, in the action taken by the company, a
waiver of all its defenses, excepting, that of power and
authority to make the contract of insurance with Lewis,
and that upon the other points the case was properly sub-
mitted to the jury, whose verdict is against the defend-
ant.

The defendant became incorporated August 31, 1881,
under the law of 1873, and the amendments thereof.  See
How. Stat. p. 1085.    The following prohibition is con-
tained in section 3 of the act (section 4249), viz.:

" No company organized under this act shall do any
business, or take any risks, or make any insurance, in
more than three counties in this State, which counties
shall be contiguous, and shall be named and set forth in
their charter," etc.

After the statute of 1883 went into effect, defendant
disposed of all its policies, except manufacturing risks;
and, after amending its articles of association to conform
to its change of business thus made, commenced doing
business outside of the three counties named, and it was
while it was doing business outside that it took the pol-
icy in Genesee county under which the plaintiff claims.
We held, in *Skinner v. Wilhelm,* 63 Mich. 568 (30 N. W.
Rep. 311), the law of 1883 unconstitutional.    This, of
course, left the business done outside of the three counties
within the prohibition of the general statute above referred
to, and left the company without any authority whatever
to make the one sued upon in this case.    There is plaus-
ibility in what is said by the learned circuit judge upon
this point; but the law, as well as the justice of the
case between these parties, lies just beyond, and requires
us to hold that a contract made without authority, either

by an individual or by a corporation, must be held void.

The judgment must be reversed, and a new trial will not be allowed.

The other Justices concurred.