## STATE v. WOMEN'S AND CHILDREN'S HOSPITAL.[1]

### June 20, 1919.

### No. 21,290.

**Constitution — title of act — statute invalid.**

> Chapter 212, of the Laws of 1917, providing for the protection and care of homeless children and for the regulation of societies receiving and placing them in suitable homes, and for the regulation and control of hospitals or places receiving and caring for women during confinement, is void, because it contains more than one subject.

Complaint was filed with the municipal court of St. Paul, charging defendant with operating a maternity hospital without obtaining a li-

[1]Reported in 173 N. W. 402.

cense in violation of the statutes. The matter was submitted to Fine-hout, J., upon a stipulated statement of facts, who found defendant guilty as charged in the complaint. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*C. D. O'Brien,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *O. H. O'Neill,* City Attorney, and *Joseph H. Masek.* Assistant City Attorney, for respondent.

QUINN, J.

Defendant is a corporation. It was organized under the laws of this state in 1909, under the name of Women's and Children's Hospital, and since that time has been doing business in the city of St. Paul as a general hospital. It receives all classes of patients, including women during confinement. In June, 1918, William W. Hodson made and filed a criminal complaint with the municipal court of the city, charging the defendant with operating a maternity hospital without first obtaining a license therefor, as required by chapter 212, p. 301, of the Laws of 1917. Process was issued thereon and the matter was submitted to the judge of the court upon a stipulated statement of facts. The court made and filed its findings and decision adjudging the defendant guilty as charged in the complaint, and imposing a fine of $25, from which judgment the defendant appeals.

The sole question for determination is the validity of the act under which the proceedings were instituted.

Article 4, section 27, of the Constitution provides, that every law shall embrace but one subject, which shall be expressed in its title.

The title of the act is as follows:

"An act for the protection of children who are not in the homes and under the immediate control of their parents or guardians, and for the regulation of agencies receiving such children for care or placing out, and women during confinement, and to repeal section 4050 and sections 4985 to 4992, inclusive, General Statutes, 1913."

The validity of the act depends upon whether it embraces more than one subject. We hold that it does. The body of the act, as well as its title, provides: First, for the protection and care of homeless children

and for the regulation of societies receiving and placing them in suitable homes; second, for the regulation or control of parties or hospitals receiving and caring for women during confinement. The former has to do only with homeless and abandoned children as a class, a very creditable object and one that should receive full protection from the law. The latter, which is in no way germane to the former, has to do with places where mothers from almost every walk of life are received and cared for during confinement. The rule is well settled that where the title to an act actually indicates, and the act itself actually includes, two distinct objects where the Constitution declares it shall embrace but one, the whole act must be treated as void. Skinner v. Wilhelm, 63 Mich. 568, 30 N. W. 311; Trumble v. Trumble, 37 Neb. 340, 55 N. W. 869; Sutherland, St. Const. (2d ed.) § 144. It appears clearly that the act under consideration embraces more than one subject and for that reason is invalid.

Judgment reversed.