JACKSON, SECRETARY OF STATE ET AL. v. STATE OF
INDIANA EX REL. SOUTH BEND MOTOR
BUS COMPANY.

[No. 24,548.   Filed February 8, 1924.]

1. CONSTITUTIONAL LAW.—*Duty of Courts.*—It is the duty of
the courts to uphold an act of the Legislature if it is possible
to do so without violating the Constitution, and, in doubtful
cases, to resolve the doubt in favor of the action of the Legis-
lature, but where it is clear that the law offends a constitu-
tional inhibition, then it is the duty of the courts to uphold the
Constitution rather than the statute which is in violation
thereof.   p. 251.

2. CONSTITUTIONAL LAW.—*Motives of Legislature Cannot be
Questioned.*—The Supreme Court is not authorized to pass upon
or question the motives which actuated the Legislature in
passing an act, the constitutionality of which is in question,
the concern of the court being whether the act as finally passed
is or is not valid.   p. 253.

3. STATUTES.—*Validity.*—*Subject of Act.*—*How Determined.*—In
determining whether an act is valid under Art. 4, §19, Con-
stitution, limiting each act to one subject which must be ex-
pressed in the title, the Supreme Court is bound to accept as
the subject of the act what either is expressly stated in the
title or is "spelled out" by the details expressed therein.   p. 257.

4. STATUTES.—*Embracing two Subjects.*—*Regulating Motor Ve-
hicles.*—*Validity.*— The statute of 1923 (Acts 1923 p. 541)
amending the act of 1913 (Acts 1913 p. 779) regulating motor
vehicles, embraced two different subjects, motor vehicles and
inheritance taxes, and therefore was void under Art. 4, §19,
of the Constitution providing that every act shall embrace but
one subject and matters properly connected therewith.   p. 257.

5. STATUTES.— *Act Embracing Two Subjects.*— *Invalid. as a
Whole.*—Where an act embraces two unrelated subjects, both
in the title and in the body of the act, the entire act is void
because in direct conflict with the Constitution, and the courts
cannot hold one part valid and the other invalid.   p. 258.

From St. Joseph Superior Court; *Lenn. J. Oare,*
Judge.

Action by the State of Indiana on relation of the
South Bend Motor Bus Company against Ed Jackson,
as Secretary of State and another, as Deputy Secretary

of State. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *D. M. Shively,* for appellants.

*Arthur L. Gilliom,* for appellee.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Perry E. O'Neal, Amici Curiae.*

GAUSE, J.—This was an action brought by the appellee seeking to mandate appellants to issue to relator certificates of registration and license plates upon motor vehicles owned by said relator.

Briefly stated, the complaint shows that relator tendered to appellants the amount of the license fees required by the law generally referred to as the "Motor Vehicle Law," as such law was prior to the passage of an act in 1923, being chapter 186 of the laws of the 1923 session of the legislature. (Acts 1923 p. 541.) That appellants refused to issue certificates of registration and license plates, because the amount tendered was not the amount fixed by said Act of 1923.

The relator contends that said act is unconstitutional and void and, for that reason, it was entitled to have its motor vehicles registered under the law as amended in 1921, Acts 1921 p. 579, §10465 Burns' Supp. 1921.

A demurrer was overruled to the complaint and thereupon appellants filed an answer, which sought to plead the history of said act in the legislature from the time it was introduced as a bill until it became a law, for the purpose of showing that said act did not contain more than one subject. It is not necessary to set out the details of the answer, which the court struck out, on motion of appellee, because the questions contended for in the briefs are raised upon the demurrer to the complaint.

Jackson, Secy., v. State, ex rel.—194 Ind. 248.

After appellants' answer was stricken out, they refused to plead further, judgment was rendered in favor of appellee and requiring appellants to issue registration certificates and license plates upon payment of the fees required by the amendatory act of 1921 heretofore referred to.

The question for decision is whether chapter 186 of the Acts of 1923 (Acts 1923 p. 541), is unconstitutional under Art. 4, §19 of the Constitution of Indiana, which section reads as follows: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The act in question has a long title, because it purports to amend several other acts, all of which are amendments to the act passed in 1913 relating to motor vehicles, and, in the title, is set out in full the title of each act it is sought to amend.

The title, in substance, may be stated as follows: "An Act to amend §§1, 7 and 10 of an act entitled 'An Act defining motor vehicles and providing for the registration, numbering and regulation of same, defining chauffeurs and providing for the examination and licensing thereof, and providing for punishment for the violation of any of the provisions of this act, approved March 15, 1913 (and then are designated many other sections of acts which amended the original act of 1913, which the title indicates are to be amended),  *  *  *  prescribing the gross weight of vehicles which may be operated upon the highways and authorizing certain highway officials to prescribe the maximum weights of motor vehicles, trailers and the loads thereof which may be operated over the roads under their control, and de-

fining auto buses and prescribing the fee for the registration thereof, and providing for the disposition of the proceeds of the inheritance tax."

All the provisions of this last act, except §8 thereof, and all the provisions of the acts which it purports to amend, relate to the regulation, operation and licensing of motor vehicles, and matters included within that subject. Section 8 provides that all the proceeds of the inheritance tax shall constitute a part of the general fund of the state.

Appellee claims that said act is void, because it is not restricted to one subject and matters properly connected therewith; that the title, instead of expressing one subject, expresses two, namely, the regulation and registration of motor vehicles, and the disposition of inheritance taxes, and that the body of the act embraces both subjects which are not properly 'connected.

The appellants claim that the subjects expressed in the title and embraced in the act are germane and constitute branches of only one subject.

The parties substantially agree upon the legal principles involved, but, as is frequently the case, disagree as to the application of the principles.

This provision of our Constitution is found, in the same, or similar language, in the constitutions of many states, and has been the frequent subject of construction; but, because of the wide difference in the facts involved in each case, there is little of value in the precedents, except as they announce general principles, and, in these, they are in substantial accord, so there will be no benefit in reviewing many of the cases.

It is the duty of the courts to uphold an act of the legislature, if it is possible to do so without violating the Constitution, and, in doubtful cases, to re-

1. solve the doubt in favor of the action of the legislature; but where it is clear that the law offends

a constitutional inhibition, then it is the duty of the courts to uphold the Constitution rather than the statute which is in violation thereof.

The purpose of the constitutional provision in question has been stated by this court and courts of other states many times, and all point out the same evils which it was designed to prevent.

As said by this court in *Grubbs* v. *State* (1865), 24 Ind. 295: "One of them (mischiefs to be prevented) was stated to be the enactment of laws under false and delusive titles, whereby measures had procured the support of legislators, who were thus deceived as to the character of the laws; and another was deemed to be the conjunction, in one act, of two or more subjects having no legal connection, for the purpose of procuring the passage of laws which might not, alone, command legislative sanction, upon the strength of popular measures embraced in the same act. To prevent these tricks in legislation, the Constitution absolutely, and in all cases, forbids the passage of any law, unless the subject of it be expressed in its title, and, in like manner, inhibits the employing in the same act of two or more subjects, having no legal connection with each other. Whenever it is clear that this constitutional provision has been disregarded, or over-looked, we must not hesitate to pronounce the supremacy of the Constitution, and, by consequence, the invalidity of the act, to the extent that it may be in conflict with the fundamental law."

The purpose of this constitutional provision, as above announced, has been approved repeatedly by this court. See, *Henderson, Auditor,* v. *London, etc., Ins. Co.* (1893), 135 Ind. 23, 20 L. R. A. 827, 41 Am. St. 410; *State* v. *Closser* (1912), 179 Ind. 230, and cases cited therein.

Judge Cooley has stated the law relating to this as

follows: "It may therefore be assumed as settled that the purpose of these provisions was; *first,* to prevent *hodge-podge* or "log-rolling" legislation; *second,* to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and *third,* to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Cooley, Constitutional Limitations (7th ed.) p. 205.

Another purpose of this provision of the Constitution has been stated as to aid in codifying the laws. *Indiana, etc., R. Co.* v. *Potts* (1856), 7 Ind. 681. It should be possible for laws to be classified according to subjects, and those pertaining to any one subject compiled so that all the laws pertaining to that subject may be more easily ascertained.

The possible evils are apparent of permitting the supporters of one measure, which, upon its own merit, cannot command sufficient votes to pass it, to embrace in the same act other measures, which are by themselves unable to secure favorable action, but, by combining the minorities supporting each measure, thus secure a majority.

It is suggested by appellee that an examination of the journals of each branch of the legislature which passed the act in question will reveal that its passage

2.  was secured in violation of the purpose of this constitutional provision. But we are not authorized to pass upon or question the motives which actuated the legislature in passing the act, our concern being whether the act as finally passed is or is not valid.

We will now proceed to an examination of the act involved to see if it offends the constitutional provision quoted.

This provision of the Constitution limits the act to one subject and matters properly connected therewith, and requires that the subject be expressed in the title. That is, not only must the matters embodied in the act relate to the same subject, but the subject to which they relate must be expressed in the title.

The act in question, as passed by the session of 1923, is not an original act but purports to be an amendment of the act of 1913, Acts 1913 p. 779, and of acts amendatory thereto, and, in addition, makes the provision as to inheritance taxes. It is then apparent that the provision as to inheritance taxes must be connected with and germane to the subject of the act of 1913, and that subject must be the one expressed in the title. This, as we understand it, is the position of *amicus curiae* in supporting the position of appellants, and it is argued that the provision as to inheritance taxes is germane to the subject of the act of 1913.

The title of the original act of 1913 and which is a part of the title to the act in question, was, "An Act defining motor vehicles and providing for the registration, numbering and regulation of same, defining chauffeurs and providing for the examination and licensing thereof, and providing for punishment for the violation of any of the provisions of the act." It is clear that the subject of this act, as expressed in the title, is the regulation and licensing of motor vehicles. The brief of *amicus curiae* states it to be the regulation of the use of motor vehicles upon the highways. In short, the subject, as expressed in the title is "Motor Vehicles."

An examination of the body of the entire act, including the original and all amendments thereto, except §8

of the act in dispute, discloses that all sections thereof, of which there are more than thirty, relate exclusively to motor vehicles and matters relating to the operation, registration and licensing thereof.

We held in the recent case of *Baldwin* v. *State* (1923), *post* 343, which involved only the act as amended in 1921, that the subject of the act of 1913 and the amendments thereto, including the act of 1921, was motor vehicles, and that the act only embraced matters properly connected therewith, namely, the regulation and operation thereof. In that case, it was contended that this act, before the act of 1923, involved in this case, was passed, and when there was no provision regarding inheritance taxes, offended against the constitutional provision under consideration, because it embraced provisions relating both to the regulation and to the licensing or taxing of motor vehicles, but it was held that both of these matters related to the general subject which was expressed in the title.

Appellants say that the subject may be expressed generally in the title, or may be *spelled out* from details which are expressed, and that it is sufficient if the general subject may be inferred from the details set out. If this rule is applied, then certainly the details which are expressed in the title of the original act and its amendments clearly *spell out* the subject of motor vehicles. This is its general subject, and it is permissible to embrace in the act matters properly connected with that subject, such as the regulation, registration and licensing thereof. We cannot see, however, that inheritance taxes, or their disposition, are related to this subject. Ask any lawyer or layman what this act is about and he will tell you it is "Motor Vehicles."

The attorney-general, in his brief, in referring to the original act, characterizes it as "the original act relat-

ing to motor vehicles." In the brief of *amicus curiae,*
supporting the attorney-general, it is described as "the
Motor Vehicle Registration Law."

It has been suggested that as this act deals with reve-
nues, then this may be taken as its general subject and
any matter properly connected with revenues may be
included. We do not see how it can be successfully con-
tended that the general subject of this act is revenue.
True, it deals with revenue derived from the registra-
tion of motor vehicles, but it does this only as inci-
dental to the main subject of the act. As we held in
the case of *Baldwin* v. *State, supra,* and as was held
in the case of *Tomlinson* v. *City of Indianapolis* (1896),
144 Ind. 142, the authority to regulate includes the
power to license, therefore, it is proper for an act, the
general subject of which is the regulation of motor
vehicles, to also deal with the licensing thereof and the
disposition of such license fees, but this would not make
it proper, in an act on the subject of regulating motor
vehicles to deal with the subject of licenses upon other
rights or things.

If in an act relating to the regulation of motor
vehicles we can have a provision relating to the dispo-
sition of inheritance taxes, then, as related thereto, we
can also include a provision relating to the levying and
collection of such taxes, and then, as related to that, we
can have a provision relating to inheritances them-
selves. By such a process of tracing relationship, we
could find that most subjects of legislative enactments
were related, just as, by a similar process, we can find
the relationship of all of mankind. If the position of
appellants is sustained, it would seem to follow that we
could have one act which dealt with the operation of
motor vehicles and also with the descent of property.

It is suggested that in the act in question, the legis-
lature was exercising the power to tax, and that as the

provision relating to inheritance taxes was a
3. proper matter to be dealt with under the taxing
power, therefore, the subject of inheritance taxes
is related to the other provisions of the act. An answer to this is that the subject of an act is not governed
by the power the legislature seeks to exercise by the
act. Frequently a law gets its validity under both the
police power and the power to tax, as is true in the
act under consideration. Also the legislature may,
under the police power, legislate upon many different
subjects, and the mere fact that they might all derive
their authority from the police power, would not permit the inclusion of different and unrelated subjects.
Of course, the legislature may have been and probably
was moved to enact this law, in part, because of the
revenue that would accrue to the state, but this would
not determine the subject of the act. This can only be
determined from the act itself. We are bound to accept
as the subject of the act what either is expressly stated
in the title or is *spelled out* by the details expressed.

It has been said that in construing the body of the
act, we should consider the title, and in construing the
title, we should consider the body, and from it all, determine the subject. If we follow this rule, then we
find that of the more than thirty sections, all but one
relate to the general subject of motor vehicles, and the
one exception (§8) relates to inheritance taxes.

This §8 amends, by implication, the State Highway
Commission law of 1919 (Acts 1919 p. 119, §7671j1 *et
seq.* Burns' Supp. 1921), and it amends it in
4. respect to a matter that has no relation to the
regulation and operation of motor vehicles.
There is no apparent relation between the subject of
motor vehicles and the subject of inheritance taxes, and
none is disclosed in either the title or the body of this

act, and yet, in both the title and the body, each of these subjects is dealt with. The act is clearly double and embraces two subjects which are not properly connected, and because of said constitutional provision, chapter 186 of the acts of the 1923 General Assembly is void.

As heretofore stated, the facts of each case construing this provision of the Constitution are so different that no purpose would be served in reviewing them separately, their value being in the establishment of the general principles involved, and, in this respect, they are harmonious. The following are some of the cases in which the questions herein discussed are considered: *Shoemaker, Auditor,* v. *Smith* (1871), 37 Ind. 122; *State* v. *Young* (1874), 47 Ind. 150; *Henderson, Auditor,* v. *London, etc., Ins. Co., supra;* Opinion of Elliott, J., in case of *State, ex rel.,* v. *Hyde* (1889), 121 Ind. 21, 48; *Dolese* v. *Pierce* (1888), 124 Ill. 140, 16 N. E. 218; *Sutter* v. *People's Gas Light Co.* (1918), 284 Ill. 634, 120 N. E. 562; *Cote* v. *Village of Highland Park* (1912), 173 Mich. 201, 139 N. W. 69; *Simms* v. *Sawyers* (1919), 85 W. Va. 245, 101 S. E. 467; *Oxnard Beet Sugar Co.* v. *State* (1905), 73 Nebr. 57, 102 N. W. 80, 105 N. W. 716; *State* v. *Women's, etc., Hospital* (1919), 143 Minn. 137, 173 N. W. 402; see, also, 25 R. C. L. 834, and cases cited.

It is contended, on behalf of appellants, that even if the act in question does contain two unrelated subjects, yet the court may determine that one of those subjects can stand and the other be held as void, the contention being, that the part of the act relating to motor vehicles should be allowed to stand as valid, and the part relating to inheritance taxes treated. as void. This is not permissible where the act, both in its title and in the body, treats of two different subjects.

An act of such a character is absolutely void, because it is in direct conflict with the Constitution.

The Constitution does provide that if only one subject is embraced in the title, then any subject not expressed in the title that is embraced in the body of the act, may be rejected, and the part that is expressed in the title be allowed to stand; but that is not the case here, both subjects being in the title and the body. In such a case the courts cannot choose between the two subjects and eliminate one of them.

As said in Cooley, Constitutional Limitations (7th ed.) p. 211: "But if the title to the act actually indicates, and the act itself actually embraces, two distinct objects, when the constitution says it shall embrace but one, the whole act must be treated as void, from the manifest impossibility in the court choosing between the two, and holding the act valid as to the one and void as to the other."

As said by our court in *Shoemaker, Auditor*, v. *Smith, supra,* "If the different particulars enumerated are to be regarded as so many different subjects, then the law is wholly void, because of a multiplicity of subjects." A similar statement of the rule is found in the case of *State* v. *Young, supra.*

The rule, that the whole act is void if both the title and the body of the act embrace two unrelated subjects, is sustained by the following additional authorities: 1 Sutherland, Statutory Construction, §144; *Oxnard Beet Sugar Co.* v. *State, supra; Sutter* v. *People's Gas Light Co., supra; Skinner* v. *Wilhelm* (1886), 63 Mich. 568, 30 N. W. 311; *Cote* v. *Village of Highland Park, supra; Builders', etc., Co.* v. *Lucas & Co.* (1898), 119 Ala. 202, 24 So. 416; *State* v. *Ferguson* (1900), 104 La. 249, 28 So. 917, 81 Am. St. 123; *Simms* v. *Sawyers, supra;* 25 R. C. L. 836, and cases cited.

To support his contention that the subjects of this act may be separated by the court and one subject be allowed to stand and one stricken out, the attorney-general cites two cases, namely, *Reilly* v. *Knapp* (1919), 105 Kans. 565, 185 Pac. 47, and *State* v. *Lancaster County* (1885), 17 Nebr. 85, 22 N. W. 228.

In the Kansas case, the supreme court of that state held that a rider to a general appropriation bill did not invalidate the appropriations, and its decision was put upon the ground that the appropriating of money for the support of the state government was the principal purpose for which the legislature had met, and that the unrelated subject contained in the act could not have influenced the legislature in passing the act. The court, however, recognized the general rule as we have stated it heretofore.

In the Nebraska case, the court held that one of the provisions in the act was void for another reason and that, with this void provision out, then the act was not void for duplicity. This case also stated the rule to be as laid down in the authorities above cited.

These are the only two cases found which can in any way be claimed as supporting the contention made that we can separate this act and hold one part valid and the other invalid.

The unanimous holding of all the authorities, unless the two cases above referred to can be classed as exceptions, is, where the act contains two separate subjects, in both the title and body, it cannot be separated by the courts.

Much as we dislike to hold an act of the legislature void, yet we are clearly of the opinion that this act violates a provision of the Constitution that is mandatory, and we have no alternative but to so declare.

The judgment is affirmed.

Ewbank, C. J., dissenting.

DISSENTING OPINION.

EWBANK, C. J.—The Constitution of Indiana permits an act of the legislature to embrace one subject, expressed in the title, and "matters properly connected therewith" (Art. 4, §19 Constitution). The laws in force at the time the act in question was passed required that all revenues from fees for the registration of motor vehicles and all from inheritance taxes should be a part of the Highway Fund (§31, Acts 1919 p. 119, §7646j1 Burns' Supp. 1921). And under the law then and previously in force, the annual receipts from inheritance taxes were about $900,000, and from motor registration fees about $3,500,000. The act in question more than doubled the average of the motor registration fees, so that it was estimated they would produce $7,-500,000 per year, and provided that the inheritance taxes should no longer be paid into the highway fund (§§2 and 8, Acts 1923 pp. 543, 550). I believe that taking out of the Highway Fund $900,000 of revenues derived from one source which were previously appropriated for use by the Highway Commission was a "matter properly connected with" the collection of $7,-500,000 (being an increase of $4,000,000) from another source, all of which was payable into the highway fund, and was by law appropriated for the use of the Highway Commission.

The principal opinion holds otherwise. Therefore I respectfully dissent.