## Kuhns *v.* Krammis.

CONSTITUTIONAL LAW—COSTS.—Section 70, (2 G. & H. 597,) so far as it attempts to prescribe a rule for the assessment of costs by the Circuit and Common Pleas Courts, in cases appealed to them from justices of the peace, is unconstitutional and void, under the provisions of the 19th section of the 4th article of the Constitution, and, in such cases, the costs in the appellate Court should follow the judgment, without reference to said section.

APPEAL from the *Clinton* Common Pleas.

PERKINS, J.—Part 5, vol. 2 of the R. S. 1852, (2 G. & H.) p. 576, is entitled:

"Concerning justices of the peace, their general jurisdiction, and mode of proceeding before them."

And the title of the first act in that part is:

"An act providing for the election and qualification of justices of the peace, and defining their jurisdiction, powers, and duties in civil cases."

Kuhns *v.* Krammis.

Section 70 of that act assumes to prescribe the manner in which the Circuit and Common Pleas Courts shall render judgment for costs, on the trial of appeals from the judgments of justices of the peace.

Appeals from justices of the peace, by our law, entirely remove the causes appealed from the justices. They are not tried upon error, but *de novo*, and are never returned to the justices. The final judgment regulating the rights of the parties is rendered in the appellate Court.

Such being the case, all legislation touching the manner of rendering judgment in such cases, should be in the acts regulating proceedings in the appellate Courts; and provisions in the justices' act assuming to prescribe the practice in the trial and judgment of such causes in the appellate Courts is in no manner connected with the act regulating the practice in justices' courts.

Our constitution provides that, parts of an act not embraced by the title, or properly connected therewith, shall be void. This provision is not directory merely to the legislature, but imposes a duty directly upon the Courts, after the legislature has acted, of determining what part, if any, of each legislative act is outside of its title or a proper connection with it. It is a duty, the discharge of which is often attended with great difficulty. It calls for a practical judgment of the Court upon each case, without much aid from any general definition or rule that can be enunciated.

In the case at bar, it would seem clear that the title of an act prescribing the practice before justices of the peace did not embrace the subject of practice in the Circuit and Common Pleas Courts, and that that practice was not properly connected with the justices' act. This Court held that a section of a statute upon the trial of indictments before the petit jury was not properly connected with the subject of finding indictments by the grand jury.

The cases on the provision of the constitution cited, down to, and including those in the 14th Ind. are collected in *The State* v. *Adamson*, 14 Ind. 296. See, since that volume, *Thomasson* v. *The State*, 15 Ind. 449; *Brandon* v. *The State*, 16 *id.* 197; *Walker* v. *Dunham*, 17 *id.* 483; *Halwood* v. *The State*, 18 *id.* 492; *Hall* v. *Bunte*, and *The State &c.* v. *Ristine*, and *Ristine* v. *The State*, at this term.

The section quoted is inoperative, should have been disregarded, and costs should have followed the judgment in the cause.

The question upon the section cited, has never before been raised in this Court.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*R. R. Davidson*, for the appellant.