STATE OF INDIANA ON THE RELATION OF NOBLE R. PEARCY, PROSECUTING ATTORNEY OF THE 19TH JUDICIAL CIRCUIT *v.* THE CRIMINAL COURT OF MARION COUNTY, INDIANA, DIVISION ONE AND THE HONORABLE JOHN T. DAVIS, JUDGE OF THE CRIMINAL COURT OF MARION COUNTY, DIVISION ONE.

[No. 971S276. Filed November 1, 1971.]

*Noble R. Pearcy,* Prosecuting Attorney, *John Barney, Jr., David Hughes,* Deputies, for relator.

*Robert E. Hughes,* for respondent. *William M. Evans,* amicus curiae, for Phillip H. Gutman and the Indiana Code Revision Commission.

### ORDER

Heretofore on September 24, 1971, this Court filed an opinion in the above cause. Thereafter a motion to file brief Amicus Curiae for and on behalf of the Honorable Phillip H. Gutman, President Pro Tempore of the Indiana Senate and Chairman of the Indiana Code Revision Commission, and the Indiana Code Revision Commission which said motion was granted.

After considering the brief Amicus Curiae the Court has revised its opinion heretofore filed on September 24, 1971.

IT IS NOW THEREFORE ORDERED that the opinion filed on September 24, 1971 is now by the Court withdrawn this 1st day of November 1971, the same being superseded by an opinion on the above case filed November 1, 1971.

Donald H. Hunter
Acting Chief Justice

HUNTER, J.—This opinion supersedes the opinion in the above captioned cause heretofore filed by this Court on September 24, 1971.

On May 11, 1971, there was filed in the Marion Criminal Court, Division One, an affidavit charging one Anthony David Newman with commission of the crime of First Degree Burglary, which affidavit was docketed in said Court as Cause No. CR. 71-1063.

Said defendant, having on May 26, 1971, waived arraignment and entered his plea of Not Guilty to said charge, was on September 2, 1971, tried on said charge by the Honorable John T. Davis, Judge of the Marion Criminal Court, who found said defendant guilty of First Degree burglary as charged.

On September 8, 1971, said defendant filed with said Court his "Motion to Sentence Under Acts of 1971," requesting that said Court sentence said defendant under the terms of Public Law No. 155 and give the defendant credit against any sentence imposed in said cause for:

(a) All time served by the defendant in the Marion County Jail from the date of his arrest on said charge of First Degree Burglary to the date of his conviction as aforesaid;

(b) All time spent out of prison on appeal bond in the event the defendant chose to appeal his said conviction to this Court;

(c) All time spent out of prison under any suspended sentence prior to any revocation of such suspension of sentence;

(d) All time spent in detention or confinement commencing with defendant's first juvenile arrest;

(e) All time spent out of prison since 11-5-70 on a suspended sentence for the crime of Robbery in Cause No. CR. 70-0999 in the Respondent Court;

Also, on September 8, 1971, the Prosecutor of Marion County filed his "Response and Objection in Two Paragraphs to Defendant's Motion to Sentence Under Acts of 1971"; alleging that Public Law 155 is unconstitutional, in part. Moreover, on September 8, 1971, Honorable John T. Davis, Judge of Marion Criminal Court, granted the defendant's said Motion and overruled the Prosecutor's objection.

The Prosecuting Attorney of Marion County has now filed in this Court a Petition for Writ of Mandate and served copies of the same upon Honorable John T. Davis, Judge, the Attorney General of the State of Indiana and upon the Attorney for Anthony David Newman.

Under ordinary circumstances, any action to determine the constitutionality of an Act of the General Assembly would normally come before this Court as the subject matter of an appeal, rather than as an original action as filed herein. However, the circumstances here are anything but ordinary, for the application of the question Act (Public Law 155) will have a profound immediate effect upon the administration of criminal justice. Thus by reason of such emergency and state-wide import of this problem, jurisdiction has been accepted by this Court for the consideration of the issuance of the Writ of Mandate. See, *State ex rel. Standard Oil Co.* v. *Review Board of Indiana Employment Security Division* (1951), 230 Ind. 1, 101 N.E.2d 60; *State ex rel. Beaman* v. *Circuit Court of Pike County* (1951), 229 Ind. 190, 96 N.E.2d 671.

On September 20, 1971, this mandate action was heard before this Court, said Respondent Judge, said Attorney General and the Attorney for said Anthony David Newman not appearing therein. Notice of Hearing and Proof of Service thereof were duly filed by the relator.

On October 12 Phillip H. Gutman, President Pro Tempore of the Indiana Senate and Chairman of the Indiana Code Revision Commission, filed motion for leave to file *Amicus Curiae* Brief and the Court has sustained said motion.

The motion requests that the Court decide certain matters as follows:

1. To affirm the validity of the 1971 Session laws
2. To affirm the validity of the Acts of subsequent Sessions of the Indiana General Assembly
3. To affirm the validity of the Indiana Code of 1971.

At the outset, we are compelled to comment that the first and second requests contained in the above motion cannot reasonably be met. However, we will make every effort to clarify the constitutional requirements that must be satisfied to assure the validity of the Acts of the Indiana General As-

sembly. In regard to the third request, we can do no more than to define the legal significance of the Indiana Code of 1971.

It is the contention of the Prosecutor of Marion County that Public Law No. 155 of the Acts of 1971 is unconstitutional, as being violative of Art. 4, § 19 of the Constitution of the State of Indiana, which provides:

> "Subject matter and title — Amendments. — Every act, amendatory act or amendment of a code shall *embrace but one subject and matters properly connected therewith;* which subject shall be expressed in the title. But if any subject shall be embraced in an act, amendatory act or amendment of a code, which shall not be expressed in the title, such act, amendatory act or amendment of a code shall be void only as to so much thereof as shall not be expressed in the title. The requirements of this paragraph shall not apply to original enactments of codifications of laws.
>
> Every amendatory act and every amendment of a code shall identify the original act or code, as last amended, and the sections or subsections amended shall be set forth and published at full length. The identification required by this paragraph may be made by citation reference." (As amended November 8, 1960.) (our emphasis)

It should be noted that the last sentence of the first paragraph of Art. 4, § 19 indicates that this section will not apply to original codifications of laws. The sentence reads as follows:

> "The requirements of this paragraph shall not apply to original enactments of codifications of laws."

*Amicus Curiae* suggests

> "... that unless the Indiana Code of 1971 (so-called) is held to be a codification covered by the exception in Article 4, Section 19, that exception is rendered meaningless. That exception was added by the 1960 amendment to the Constitution. Before 1960, Article 4, Section 19 provided:
>
> > 'Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in the title, such act shall be void as to so much thereof as shall not be expressed in the title.' "

However, the so called Indiana Code of 1971 is not of the class of codes referred to in that sentence. The above sentence has reference to *single subjects* which are enacted from time to time as *"original enactments"* and which contain in a codified form matters properly connected to that single general subject. Examples are the Probate Code, the Uniform Commercial Code, the Uniform Consumer Credit Code, etc. Each example has but one "subject." It is the product of a commission study of one general subject, culminating in the proposed enactment of a particular code containing all the pre-existing laws pertaining to such single subject.

The suggestion made by *Amicus Curiae* seems to indicate that the only significant change in language by the 1960 amendment was the addition of the last sentence of the first paragraph as amended and as hereinbefore set forth. *Amicus Curiae,* however, apparently overlooked the inclusion of other very significant language in said amendment. For example, in the first sentence of the first paragraph we find the words "amendatory act *or* amendment of *a code*," and in the second sentence of said paragraph the inclusion of the words "amendatory act or amendment of *a code*." The language of the exception relied upon by *Amicus Curiae* is found in the last sentence, to wit: "the requirements of this paragraph shall not apply to original enactment*s* of codification*s* of laws." Readily apparent is the significant plural designations in said last sentence. It is a reasonable construction to interpret such plurals as referring to a series of separate codes each containing a single general subject and matters properly connected therewith, thus giving meaning to the two prior references in the paragraph to *"a code"* expressed in each instance in the singular. Also the 1960 amendment added *a second paragraph* and continued the singular designation with the words "a code" and "code" followed by the last sentence therein authorizing "identification by citation refer-

ence" to the sections and subsections of amendatory acts and amendments to an original act or "code."

An examination of the Indiana "Code" of 1971 readily reveals that it contains a multitude of widely varying subjects. Although there is language contained therein which might be unrealistically and unrestrainedly stretched to reach the conclusion that this assembling and grouping constitutes an original enactment of a code, it is in reality nothing more than an *official* comprehensive compilation of all of the legislative Acts, just as Burns Annotated Statutes is a similar private compilation of the same laws. Moreover the "code" recognizes that each of its provisions is dependent upon some Act of the Indiana General Assembly, for we find continuous reference therein to "Source." Thus, the so called Code is only a comprehensive compilation of the viable existing statutory law of this State. Hence, each and every viable statute or section thereof contained therein, shall remain in effect unless or until repealed or amended by an Act of the General Assembly which satisfies the title and single subject requirements of Art. 4, § 19. We reach such conclusion in order to give force and effect to the purpose of each provision of Art. 4, § 19. Finding no ambiguities therein we deem it unnecessary to turn to decisions of other states which were based on dissimliar constitutional provisions.

In summation, all enactments, other than original enactments of codifications of laws as defined by this opinion, must satisfy the title and single subject matter requirements set forth in the first paragraph of Art. 4, § 19. Further, every amendatory act or amendment of a code must meet the identification requirements of the second paragraph in addition to the provisions of the first paragraph of said section. The second paragraph thereof permits such identification to be made by citation reference. Thus identification requirements are satisfied by reference to the corresponding section of the Official Indiana Compilation of 1971. By such interpretation and construction of Art. 4, § 19 we give

full meaning to each and every provision thereof, as well as preserve the efficacy of the *Indiana Compilation.*

Public Law No. 155 is entitled:

"An Act to amend IC 1971, 11-2-1 concerning penal officers, employees, and length of sentences of convicts."

This Act was approved April 16, 1971, and became effective September 3, 1971. This Act, which sets the salary (compensation) for a physician, clerk, deputy warden, and a moral instructor in penal institutions, and denotes criminal activity by prison personnel and penalties therefor, also contains the following material, purportedly mandatory upon and directed to the sentencing court:

"The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence. Provided, however, that the sentencing court, in the case of conviction for any felony or misdemeanor; shall order that the convicted person be credited with all of his actual time spent in imprisonment prior to trial. Such order shall be credited with statutory good time diminution of his sentence for time so served prior to imprisonment;"

It is the contention of the Prosecuting Attorney that there is no rational unity existing between the provisions relating to penal institution employees and the provisions relating to length and diminution of sentences.

We are in agreement with this contention. Public Law 155 is clearly double and embraces two subjects which are not properly connected. There is no apparent relation between the subject of prison officials and employees and the subject of the length and diminution of sentences of convicts, and none is disclosed in either the title or body of Public Law 155. Therefore Public Law 155, in its entirety, is in violation of Art. 4, § 19, and is ineffective as an amendment to IC 1971, 11-2-1-1, (Acts of 1857, c. 56, s. 6). See, *Jackson* v. *State* (1924), 194 Ind. 248, 142 N.E. 423.

Since the time of the 1960 amendment to Art. 4, § 19 of the Constitution of the State of Indiana, there is no requirement

that the subject matter of the amendatory act be expressed in the title of the original act, but only in the title to the amendatory act itself. However, this does not mean that a section of an original act may be amended to include matters which are totally unrelated to the subject of the original section. Even though the title to the amendatory act might meet the test of the 1960 version of Art. 4, § 19, it is also necessary that the amendatory language bear some relationship to the subject of the section amended.

The last sentence of IC 1971, 11-2-1-1 (Acts of 1857, c. 56, s. 6), has also been challenged so we must next direct our attention to this issue. The last sentence of the original act is as follows:

"The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence."

Clearly the term of service and imprisonment of convicts is in no way connected to the salaries or discipline of penal officials or personnel nor is it related to the title of the Act. Therefore, we hold that portion of the Act to be unconstitutional in violation of Art. 4, § 19. See, *State ex rel. Indiana Real Estate Commission* v. *Meier* (1963), 244 Ind. 12, 190 N.E.2d 191; *Nelson et al.* v. *Haley* (1953), 232 Ind. 314, 111 N.E.2d 812; *State ex rel. Milligan* v. *Ritter's Estate* (1943), 221 Ind. 456, 48 N.E.2d 993; *Marion School Twp., etc.* v. *Smith* (1939), 215 Ind. 586, 21 N.E.2d 412; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N.E. 744.

This opinion shall be considered to be an affirmance of our order issued in this cause September 21, 1971, directed to the Honorable John T. Davis. Therefore, such order shall stand as originally issued.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 274 N.E.2d 519.