DICKSON, Justice,
concurring.
I concur with the Court’s opinion and write separately to emphasize that the Court’s de novo application of Indiana’s Single-Subject Clause reflects the purposes and intentions of its framers and ratifiers not only in 1851 when initially crafted and ratified but also, and most importantly, when recently revised in 1974.
The current language of the Clause is the second refinement of the original Section 19 adopted as part of the Indiana Constitution in 1851. The original text stated:
Every Act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.
To exclude legislative codifications, the provision was revised in 1960 to read as follows:
Every act, amendatory act or amendment of a code shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, amendatory act or amendment of a code, which shall not be expressed in the title, such act, amendatory act or amendment of a code shall be void only as to so much thereof as shall not be expressed in the title. The requirements of this paragraph shall not apply to original enactments of codifications of laws.
But in 1974, Section 19 was amended to its present form by the General Assembly and Indiana’s voters by eliminating the requirement that all subjects must be included in the title of a legislative act but expressly retaining and reasserting the single-subject prerequisite:
An act, except an act for the codification, revision or rearrangement of laws, shall be confined to one subject and matters properly connected therewith.
Indiana is not alone in requiring legislative enactments to be confined to a single subject. Today, eighty-two percent of state constitutions (forty-one of the fifty) contain a general single-subject rule.[1]
The original proponent of the single-subject requirement at Indiana’s Constitutional Convention of 1850-51 was Dr. Alexander C. Stevenson, a delegate from Putnam County, who had served previously in the Indiana House of Representatives during 1831-32, in the Indiana Senate from *1222 1889-42, and again in the House in 1844-45, when he served as Speaker of the House. During the Convention’s discussion of various provisions on legislation, Stevenson proposed an amendment that included a single-subject requirement and explained:
The object of this amendment is to obviate a difficulty that frequently occurs in the Legislature. When a bill is presented and its friends are not numerous enough to pass it, [] they enter into a coalition with gentlemen who desire the passage of some other measure to mutually assist each other in the passage of both combined under one head.
Report of the Debates and Proceedings of the Convention, vol. 2, at 1085 (reprinted by the Indiana Historical Bureau, 1935). Several delegates opposed the proposal because it would mean that the courts would decide whether a law embraces two or more objects. These opponents preferred this to be a matter exclusively for legislative determination. See id. at 1086. After substantial debate, Delegate Stevenson implored his fellow delegates, “Now, I have seen the power that a few individuals have in passing bills that are worthless and injurious, by tacking them upon other bills, even upon revenue bills. This is an evil which should be remedied. We are here to reform it — and ought to reform it.” Id. at 2010. The Stevenson proposal was eventually adopted by a vote of 78 to 31. Id. at 2011. The proceedings at the Convention strongly suggest that the delegates expected Section 19 to be enforced in the courts, not entrusted to the legislature.
To explain the provisions of the proposed new constitution to the voters who would be deciding its ratification, the delegates at the Constitutional Convention approved an “Address to the Electors” that included the following explanation of the Single-Subject Clause:
No law is to embrace more than one subject and matters properly connected therewith; .... The tendency of this rule is, to prevent what is familiarly termed “log-rolling.” Two provisions having no proper connection with each other, may, under the present Constitution, be embraced in the same bill, and be carried by a combination of their respective friends, though neither, in itself, has merit or strength enough to obtain the vote of a majority, and would fail, as it ought, if voted upon singly.
Id,, at 2047. In addition to the text of the Single-Subject Clause itself, this explanation, expressly adopted by the Convention, remains the most authoritative guide for our interpretation of the Clause.
Less than five years after the adoption of Indiana’s Constitution in 1851, the Indiana Supreme Court, in an opinion authored by Judge Samuel E. Perkins, upheld as proper the role of the courts to enforce Section 19, noting that the Section “may be regarded as expressly requiring the Courts to do so.” Ind. Cent. Ry. Co. v. Potts, 7 Ind. 681, 684 (1856). The Court declared that “[t]he constitution, then, in this case, imposes upon the Court the obligation of determining whether the section of the act upon which this suit was brought, is properly included in the act as entitled.” Id. The year before, in Beebe v. State, 6 Ind. 501 (1855), the Court invalidated the Liquor Act of 1855 upon grounds other than a claimed violation of the Single-Subject Clause. The majority opinion here was also authored by Judge Perkins, but the dissent of Judge Samuel B. Gookins specifically addressed the single-subject issue, arguing that enforcement of the Clause would make legislation “wholly impracticable, and the laws passed under it a tissue of absurdities.” Id. at 555. Neither Judge Perkins nor Judge Gookins had served as delegates to the Constitutional *1223 Convention, but one, Judge Gookins, had served in the state legislature prior to his service as a Supreme Court judge.
In cases decided shortly after the 1851 adoption of Indiana’s Constitution, the Court was not hesitant to emphasize its responsibility to enforce the constitutional requirement:
Our constitution provides that, parts of an act not embraced by the title, or properly connected therewith, shall be void. This provision is not directory merely to the legislature, but imposes a duty directly upon the Courts, after the legislature has acted, of determining what part, if any, of each legislative act is outside of its title or a proper connection with it. It is a duty, the discharge of which is often attended with great difficulty. It calls for a practical judgment of the Court upon each case, without much aid from any general definition or rule that can be enunciated.
Kuhns v. Krammis, 20 Ind. 490, 491 (1863). In application, however, the Court’s decisions were often inconsistent. Beginning with the Civil War period, the Court appears to have been increasingly resistant to such claims and more deferential to the legislature’s combination of subjects in the same legislation. See, e.g., Hingle v. State, 24 Ind. 28 (1865); Bright v. McCullough, 27 Ind. 223 (1866); Bush v. City of Indianapolis, 120 Ind. 476, 22 N.E. 422 (1889); State v. Arnold, 140 Ind. 628, 38 N.E. 820 (1894); Baldwin v. State, 194 Ind. 303, 141 N.E. 343 (1923); Sarlls v. State ex rel. Trimble, 201 Ind. 88, 166 N.E. 270 (1929); State ex rel. Test v. Steinwedel, 203 Ind. 457, 180 N.E. 865 (1932); Stith Petroleum Co. v. Ind. Dept. of Audit & Control, 211 Ind. 400, 5 N.E.2d 517 (1937); Ennis v. State Highway Comm’n, 231 Ind. 311, 108 N.E.2d 687 (1952); Dague v. Piper Aircraft Corp., 275 Ind. 520, 418 N.E.2d 207 (1981); but see Jackson v. State ex rel. South Bend Motor Bus Co., 194 Ind. 248, 142 N.E. 423 (1924); State ex rel. Pearcy v. Criminal Court of Marion Cnty., 262 Ind. 9, 274 N.E.2d 519 (1971).
Significantly, however, in 1974 the Indiana General Assembly initiated and voters approved a revision of Section 19 that expressly reasserts the requirement that, except for legislation for the codification, revision, or rearrangement of laws, every act “shall be confined to one subject and matters properly connected therewith.” Ind. Const, art. 4, § 19. This amendment was proposed by the legislature immediately following, and presumably precipitated by, this Court’s opinion in Pearcy, which applied Section 19, as amended in 1960, to call into question the legislature’s enactment of the Indiana Code of 1971, a purported codification of then-existing statutes.[2] Pearcy held that such “Code” did not fall within the exception provided for “original enactments of codifications of laws” under the 1960 amendment to Section 19 and that an act included therein regarding both the subject of good time diminution of sentence length and the subject of salaries for prison officials and employees violated Section 19 because it contained two subjects that were not properly connected with each other. Pearcy, 262 Ind. at 15-18, 274 N.E.2d at 522-23.
Shortly after our opinion in Pearcy, the Indiana General Assembly proposed an *1224 amendment of Section 19 to rephrase its codification exclusion to read “an act for the codification, revision or rearrangement of laws” and to excise the requirement that the subject of an act be expressed in its title but retained the original requirement that each legislative act must be confined to a single subject and properly connected matters. This amendment was ratified by Indiana voters in 1974, producing Section 19 in the form that survives today.[3] Thus the single-subject requirement stands expressly endorsed not only by the framers and ratifiers of Indiana’s 1851 Constitution but also by the General Assembly and voters one hundred twenty-three years later.
The rules enacted by each chamber of the General Assembly also reflect the legislature’s concern for compliance with the Single-Subject Clause. Both chambers have adopted internal rules requiring that proposals to amend bills be germane to the subject matter under consideration.[4]
The presence of prior cases in which this Court may have appeared reluctant to enforce Section 19’s limitations on the exercise of power by the legislature does not foreclose reconsideration of the standard of review under the doctrine of stare deci-sis. When “deciding so grave a matter as that of the constitutionality of an act of the legislature,” we have long recognized that the rule of stare decisis does not compel our adherence to “our own former decisions.” Denney v. State ex rel. Basler, 144 Ind. 503, 539, 42 N.E. 929, 940 (1896). Stare decisis does not apply “with its usual force and vigor to decisions upon constitutional questions” or “to questions involving the interpretation and construction of the organic law, the structure of the government, and the limitation upon the legislative and executive power.” Robinson v. Schenck, 102 Ind. 307, 319-20, 1 N.E. 698, 706 (1885) (internal citation omitted).
The series of prior cases reflecting the possible lack of vigorous enforcement of Section 19 does not preclude this Court from discharging our constitutional responsibilities to uphold and enforce the Indiana Constitution, especially in light of the reaffirmation of the single-subject requirement in 1974 by Indiana’s General Assembly and Hoosier voters. Such rein-vigoration of the Single-Subject Clause should revitalize this Court’s willingness to seriously consider claims that legislation was enacted in violation of Section 19.
As co-equal and independent branches of government, both the legislature and the judiciary have complementary functions. Our Constitution “empowers the legislative branch to make law.” Baldwin v. Reagan, 715 N.E.2d 332, 338 (Ind.1999). The judiciary is responsible to “interpret *1225 and apply the law,” but must exercise such “authority with restraint and respect for the role and function of the legislative branch to decide questions of public policy.” Fraley v. Minger, 829 N.E.2d 476, 492 (Ind.2005). It is altogether appropriate for the judiciary to defer to legislative public policy decisions but equally important for the judiciary to compel adherence to the requirements of our Constitution.[5] When addressing claimed violations of the Single-Subject Clause, courts should examine the subject matter of a challenged statute and that of the enactment to which it was attached and then use a de novo evaluation to determine whether the former is properly connected to the single subject of the latter. The judicial inquiry is not whether the legislature’s judgment and actions in combining two subjects appear “reasonable,” but rather whether the subject matter of the principal and annexed enactments are properly connected to the same single subject. The 1974 revision of Section 19 echoes the text and the concerns of our 1851 framers and ratifiers. It defines the test to be applied: whether an act passed by the legislature is “confined to one subject and matters properly connected therewith.” Ind. Const, art. 4, § 19.
In the present case, I concur with the Court’s determination. Even with a robust application of the Single-Subject Clause of Section 19, there is no constitutional violation. The challenged statutes, directly related to the financial responsibility of DCS for the placement of certain juveniles, were enacted as part of the legislature’s general appropriation bill and were clearly “matters properly connected therewith” under Section 19. This conclusion is apparent from the text of the challenged statutes when compared to the text of the remainder of the appropriation bill to which they were annexed. I join my colleagues in holding that the inclusion of language amending Indiana Code § 31-40-l-2(f) in the 2009 Indiana state appropriation bill does not violate the Single-Subject Clause, Article 4, Section 19 of the Indiana Constitution. And in all other respects, I concur.

. See Ala. Const, art. IV, §§ 45, 71; Alaska Const, art. II, § 13; Aiuz. Const, art. IV, § 13; Cal. Const, art. IV, § 9; Colo. Const, art. V, § 21; Del. Const, art. II, § 16; Fla. Const art. Ill, § 6; Ga. Const, art. Ill, § V; Haw. Const art. Ill, § 14; Idaho Const, art. Ill, § 16; III Const, art. IV, § 8; Ind. Const, art. 4, § 19; Iowa Const, art. Ill, § 29; Kan. Const art. 2, § 16; Ky. Const. § 51; La. Const, art. Ill, § 15; Md. Const, art. Ill, § 29; Mich. Const. art. IV, § 24; Minn. Const, art. IV, § 17; Mo. Const, art. Ill, § 23; Mont Const, art. V, § 11(3); Neb. Const, art. Ill, § 14; Nev. Const. art. IV, § 17; N.J. Const, art. IV, § VII; N.M. Const, art. IV, § 16; N.Y. Const, art. Ill, § 15; N.D. Const, art. IV, § 13; Ohio Const, art. II, § 15(D); Okla. Const, art. V, § 57; Or. Const art. IV, §' 20; Pa. Const, art. 3, § 3; S.C. Const, art. Ill, § 17; S.D. Const, art. Ill, § 21; Tenn Const, art. II, § 17; Tex. Const art. Ill, § 35(a); Utah Const, art. VI, § 22; Va. Const, art. IV, § 12; Wash. Const, art. II, § 19; W. Va. Const, art. VI, § 30; Wis. Const. art. IV, § 18; Wyo Const, art. Ill, § 24. The constitutions of Arkansas, Connecticut, Maine, Massachusetts, Mississippi, New Hampshire, North Carolina, Rhode Island, and Vermont lack a single-subject rule.

. The 1971 Indiana Code was the culmination of two years of work by the Indiana Statute Revision Commission, which rearranged then-existing Indiana statutes into titles, articles, chapters, and sections. It was “intended to have the status of past enacted revisions and thus provide a clear and unambiguous statement of Indiana statute law.” Indiana Legislative Council, Appendix: I-Iistoiy of Official Indiana Statutes, in The History of Indiana Law 374 (David J. Bodenhamer & Hon. Randall T. Shepard eds., 2006).

. After ratification of the 1974 amendment to Section 19, the General Assembly in 1976 again passed a codification of Indiana law, which closely resembled the Indiana Code of 1971 that had been struck down in Pearcy. Indiana Legislative Council, supra note 2, at 375.

. The House Rules provide, "[n]o motion or proposition on a subject not germane to that under consideration shall be admitted under color of an amendment.” Rules of the House of Representatives (One Hundred Sixteenth General Assembly of Indiana), Rule 80. The Senate Rules contain a similar provision:
No motion to amend, committee action, concurrence or conference committee action which seeks under color of amendment to substitute or insert subject matter not germane to [ ] that of the bill or resolution under consideration shall be in order. However, this Rule does not apply to House bills raising revenue and relating to other taxation matters.
Any conference committee report not in accordance with Article 4, Section 19 of the Constitution shall be not in order.
Standing Rules and Orders of the Senate, Rules 53-54.

. The Single-Subject Clause of Section 19 is a structural provision of the Indiana Constitution. It limits the manner by which the General Assembly may exercise its power to pass laws. Its qualification, "properly connected therewith,” calls for a comparison of textual provisions and a determination of the logical relatedness of the covered subjects. This analysis does not require a judicial evaluation of public policy, which is the proper province of the legislature. In contrast, the judicial branch has exercised considerable deference to legislative policy-making when addressing constitutional challenges asserting violation of provisions that are less structural and more intricately entwined with legislative policy determinations. See, e.g., Collins v. Day, 644 N.E.2d 72, 80 (Ind.1994) (addressing the Privileges and Immunities Clause, Article 1, Section 23 of the Indiana Constitution).