SULLIVAN, Justice,
concurring in part.
I
I concur fully with the Court’s jurisdictional analysis and with Part III of its opinion.
Part III fully resolves the claims in this case, making it unnecessary for the Court to address the constitutional claims in Parts I and II. More than a century ago, this Court said “courts will not pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause.” State v. Darlington, 153 Ind. 1, 4, 53 N.E. 925, 926 (1899) (citations omitted).[1] Adhering to *1226 this doctrine, I express no opinion as to whether the statutes at issue in this case violate the Single Subject Clause or the Separation of Functions Article.
II
Part I of the Court’s decision today concerning the Single Subject Clause of Art. IV, § 19, conforms with the deferential standard of reasonableness that this Court has accorded the General Assembly in a long line of cases dating back 145 years. Both history and sound jurisprudence warrant adherence to these precedents. I therefore respectfully disagree with Justice Dickson’s suggestion that the courts of this state not adhere to precedent and instead begin what he terms “robust” enforcement of the Single Subject Clause.
“This Court has regarded the task of interpreting particular provisions of the Indiana Constitution as a search for the common understanding of both those who framed it and those who ratified it.” Bayh v. Sonnenburg, 573 N.E.2d at 412 (citations omitted). The current form of Art. IV, § 19, was adopted by the voters of our State in 1974, after previously having been amended in 1960. Because it was the General Assembly and the voters in 1974 that framed and ratified the current version of Art. IV, § 19, we should be primarily concerned with their “common understanding,” and not so much with the understanding of the people in 1851 on which Justice Dickson focuses his analysis.
The analysis benefits from setting forth the relevant texts. The current version of Art. IV, § 19, as ratified by the voters in 1974, provides:
An act, except an act for the codification, revision or rearrangement of laws, shall be confined to one subject and matters properly connected therewith.
An earlier version of Art. IV, § 19, ratified by the voters in 1960, provided:
Every act, amendatory act or amendment of a code shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, amendatory act or amendment of a code, which shall not be expressed in the title, such act, amendatory act or amendment of a code shall be void only as to so much thereof as shall not be expressed in the title. The requirements of this paragraph shall not apply to original enactments of codifications of laws.
Every amendatory act and every amendment of a code shall identify the original act or code, as last amended, and the sections or subsections amended shall be set forth and published at full length. The identification required by this paragraph may be made by citation reference.
The original version of Art. IV, § 19, as adopted in 1851, provided:
Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.
So how did the General Assembly and the voters in 1974 understand the single-subject requirement? Unlike the recorded debates from the 1850 Constitutional Convention, there is no thorough source of legislative history surrounding the 1974 *1227 amendment. But that is not to say that there is no evidence concerning the understanding of the people in 1974. Beginning in 1865 and continuing to this day, this Court has applied a reasonableness test when assessing the constitutionality of statutes under Art. IV, § 19:
[T]he only test which this court can apply is the indefinite one of “reasonableness,” a standard and not a specific rule of law. [Art. IV, § 19] does not, by restricting the contents of an “act” to one subject, contemplate a metaphysical singleness of idea or thing, but rather that there must be some rational unity between the matters embraced in the act; the unity being found in the general purpose of the act and the practical problems of efficient administration. It is hardly necessary to suggest that matters which ordinarily would not be thought to have any common features or characteristics might for purposes of legislative treatment be grouped together and treated as one subject. For purposes of legislation, “subjects” are not absolute existences to be discovered by some sort of a priori reasoning, but are the result of classification for convenience of treatment and for greater effectiveness in attaining the general purpose of the particular legislative act. And if, from the standpoint of legislative treatment, there is any reasonable basis for the grouping together in one “act” of various matters, this court cannot say that such matters constitute more than one subject.
State ex rel. Test v. Steinwedel, 203 Ind. 457, 467-68, 180 N.E. 865, 868 (1932), quoted in Dague v. Piper Aircraft Corp., 275 Ind. 520, 531, 418 N.E.2d 207, 214 (1981). This Court has also held that “if there is any reasonable basis for grouping together in one act various matters of the same nature, and the public cannot be deceived reasonably thereby, the act is valid.” Stith Petroleum Co. v. Ind. Dep’t of Audit & Control, 211 Ind. 400, 409, 5 N.E.2d 517, 521 (1937) (citing Steinwedel, 203 Ind. 457, 180 N.E. 865; Baldwin v. State, 194 Ind. 303, 141 N.E. 343 (1923); Maule Coal Co. v. Partenheimer, 155 Ind. 100, 55 N.E. 751 (1899); and Bright v. McCullough, 27 Ind. 223 (1866)), quoted in Dague, 275 Ind. at 531-32, 418 N.E.2d at 214.
Under this reasonableness standard of review — the standard of review employed by the Court today — the General Assembly has been given substantial deference but not carte blanche. See, e.g., State ex rel. Pearcy v. Criminal Court of Marion Cnty., 262 Ind. 9, 17, 274 N.E.2d 519, 522 (1971) (“no rational unity existing between the provisions relating to” correctional facility employees and criminal sentencing); Jackson v. State ex rel. S. Bend Motor Bus Co., 194 Ind. 248, 257-58, 142 N.E. 423, 426 (1924) (“no apparent relation between the subject of motor vehicles and the subject of inheritance taxes”).[2]
Of relevance to our analysis is the amendment to Art. IV, § 19, ratified by the voters in 1960. The principal purpose of the 1960 amendment was to correct an “[u]nwieldy ... process” under cumbersome bill-title requirements contained in *1228 Art. IV, § 21. Marcia J. Oddi, Enforcing Indiana’s Constitutional acquirement That Laws Be Limited To One Subject, Res Gestae, March 2001, at 18, 21. The 1960 amendment repealed Art. IV, § 21; the new language comprising the second paragraph of Art. IV, § 19, reflected a simplification of former Art. IV, § 21. Id. This change is not particularly relevant for our inquiry today.
But the very fact that Art. IV, § 19, was amended in 1960 gave the amendment’s “framers and ratifiers” (to use Sonnenburg’s formulation, 573 N.E.2d at 412) a chance to express their common understandings of the Single Subject Clause. Had there been any reservation or objection that this Court had not properly enforced the Clause in Steinwedel, Stith Petroleum, and the rest, the language of the Clause could have been changed. But no change was made.
Next comes the critical case of State ex rel. Pearcy v. Criminal Court of Marion County, 262 Ind. 9, 274 N.E.2d 519 (1971). In the 1960 amendment, a new sentence had been added to the first paragraph of Art. IV, § 19, “opening] up the language of the one-subject requirement to permit an exception for ‘original enactments of codifications of law.’ ” Oddi, supra, at 21. In Pearcy, this Court held that the Indiana Code of 1971 was not a “codification of law” within the meaning of the 1960 amendment and so the exception to the single subject requirement was not available. 262 Ind. at 15-16, 274 N.E.2d at 521-22.
As Justice Dickson notes, the 1974 amendment was precipitated by Pearcy.[3] If the 1960 amendment suggested framer and ratifier acquiescence to the Court’s single-subject jurisprudence, the 1974 amendment demonstrates it. For in 1974, the General Assembly and the voters amended Art. IV, § 19, to repudiate a decision of this Court — Pearcy, concerning recodifications — but made no changes whatsoever to repudiate our decisions concerning the Single Subject Clause.
Twice the framers and ratifiers of Art. IV, § 19, have changed its language without expressing any reservations or objections to our Court’s decisions concerning the Single Subject Clause. This acquiescence by framers and ratifiers to our Court’s decisions warrants the greatest respect on the part of Indiana courts. And I think this is an important point. For even if one were to agree as a general matter with Justice Dickson’s view that “the rule of stare decisis does not compel our adherence” to our own precedents on constitutional questions, surely we should do so in the face of such clear and relatively recent acquiescence to those precedents by the framers and ratifiers of the current constitutional provision.
The reasonableness standard conforms to the theory of judicial review prevalent during the nineteenth century. In 1893, James B. Thayer examined the decisions of state and federal courts during the nineteenth century and the role of the judiciary in a democracy and concluded that courts did not, and should not, invalidate an act of the legislature unless that body had made a clear mistake — “so clear that it is not open to rational question.” James B. Thayer, The Origin and Scope of the American Doctrine of Constitutional Law, 7 Harv. L.Rev. 129, 144 (1893). Indeed, this Court applied a deferential standard such as this in the case Justice Dickson relies upon to assert the justiciability of *1229 Art. IV, § 19, claims. In Indiana Central Railroad Co. v. Potts, after holding that the Indiana Constitution imposes upon the Court the duty of determining whether an act complies with Art. IV, § 19, the Court proceeded to uphold the enactment at issue because “it [was] not so clearly misplaced as to render it void.” 7 Ind. 681, 687 (1856).
Finally, the deferential standard of reasonableness applied by our Court since 1865 provides a familiar standard for courts to apply. It is applied in other areas of constitutional law, criminal law, and civil law, and it has been applied since the early days of the common law. We have held that courts should not attempt to investigate the motives and actions of individual legislators. E.g., Jackson, 194 Ind. at 253, 142 N.E. at 424. As Justice Dickson notes, the General Assembly on its own initiative has adopted internal procedures dealing with germaneness and public notice. These rules and procedures, combined with our review for reasonableness, are in my view sufficient to prevent the gross abuses that appear to have prompted the original concerns underlying the Single Subject Clause.
The Court today adheres, as it should, to 145 years of precedent according substantial deference to the General Assembly in these matters. No change is warranted.

. Accord Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (quoting Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 346, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., *1226 concurring)); Ind. Wholesale Wine & Liquor Co. v. State ex rel. Ind. Alcoholic Beverage Comm'n, 695 N.E.2d 99, 106-08 (Ind.1998); Bayh v. Sonnenburg, 573 N.E.2d 398, 402 (Ind.1991).

. The only case that Justice Dickson quotes in support of his position is Kuhns v. Krammis, 20 Ind. 490 (1863). It is true that the Court held in that decision that an act passed by the General Assembly was invalid under Art. IV, § 19. Id. at 491-92. But in Robinson v. Skipworth, decided the very next year, the Court overruled Kuhns, expressing "surprise at the ruling in [that] case.” 23 Ind. 311, 316-18 (1864). It held that “the court of last resort ought not to declare the section referred to unconstitutional, unless the question is free from every doubt” and noted that it "enter-tainfed] no doubt” as to the constitutionality of the act at issue in Kuhns. Id. at 318.

. Indeed, after the 1974 amendment to Art. IV, § 19, was ratified, the General Assembly in 1976 again enacted a wholesale codification of Indiana statutory law. Oddi, supra, at 34 n. 32.